## AMERICAN LIBERTY PIPE LINE CO. v. RUTHERFORD et ux.

### No. 3246.

Court of Civil Appeals of Texas. Beaumont.

Feb. 23, 1938.

Dallas C. Biggers, D. D. Mahon, and Verne Maxwell, all of Dallas, for appellant.

Wilkinson & Wilkinson, of Mt. Vernon, for appellees.

WALKER, Chief Justice.

Appellant, American Liberty Pipe Line Company, constructed a pipe line across the land of appellees, G. W. Rutherford and wife; the right of way consumed 2.31 acres of land. The jury found that $400 "was the reasonable fair cash market value" of the land actually taken for the construction of the pipe line; and that "by reason of the construction of the pipe line," ap-

pellees sustained damages in the sum of $100 to the balance of their land. On the verdict judgment was entered for $500. The appeal was perfected to the Texarkana Court of Civil Appeals; the case ·is·on our docket by order of transfer by the Supreme Court.

Appellant concedes that the finding of $100 has support in the evidence. We sustain the proposition that the finding of $400 is excessive. Valuing the land taken by the acre, the greatest value estimated by the evidence—by any witness—was $80.85. On this testimony the finding of $400 was excessive to the extent of $319.15. On condition that appellees enter a remittitur for that sum within fifteen days from the entry of this order, the judgment of the lower court will be reformed and affirmed in their favor for $180.85. If the remittitur is not entered, the judgment will be reversed and the cause remanded.

Appellees insist that the verdict has support in the testimony of certain witnesses who, in estimating the damages by the rod, fixed a sum in excess of $900. But by assessing the damages to the land, not included in the right of way, at $100, the jury necessarily found against this theory of the evidence, because, under no construction of the evidence could the damages to the land actually taken and appropriated by appellant exceed the sum of $80.85.

Reformed and affirmed on the filing of the remittitur.